UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED ASS'N OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPE FITTING INDUS. OF THE UNITED STATES & CANADA, AFL-CIO AND UNITED ASS'N OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPEFITTING INDUS. OF THE UNITED STATES & CANADA, AFL-CIO, LOCAL 648,<br><br>        Plaintiffs,<br><br>        v.<br><br>CH2M-WG Idaho, LLC,<br><br>        Defendant. | No. 4:07-CV-295-EJL-MHW<br><br>**MEMORANDUM DECISION AND ORDER RE: RULE 56(f) MOTION** |

The Court has before it Defendant CH2M-WG's ("CH2") Motion for Discovery under Fed. R. Civ. P. 56(f). Docket No. 23. Under Rule 56(f), CH2 asks the Court to either grant a continuance or deny Plaintiffs United Association's and Local 648's motion for summary judgment (Docket No. 22), thereby allowing CH2 an opportunity to conduct necessary discovery. Upon consideration of the motion, the Court will deny CH2's motion for the reasons discussed below.[1]

---

[1] The Court finds CH2's motion to be suitable for decision without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d).

**MEMORANDUM DECISION AND ORDER - Page 1**

# I.
# Background

The Department of Energy awarded CH2 the cleanup project contract at the Idaho National Laboratory ("INL") site. As part of its contract, CH2 and its subcontractors are required to comply with the Davis Bacon Act and must seek coverage determinations from the Department of Energy before awarding construction subcontracts. CH2 is a signatory to a project labor agreement known as the Site Stabilization Agreement ("SSA"), a collective bargaining agreement applicable to work performed at the INL.

The United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry ("United") represents plumbers and pipe fitters who work in the building and construction industries throughout the United States, while Local 648 represents plumbers and pipe fitters working in the building and construction industries in Eastern Idaho. United has also signed the SSA and delegated its authority to administer the SSA's provisions to Local 648.

The parties' dispute concerns CH2's decision to subcontract work to Premier Technology, Inc. ("Premier"), a non-union employer, to assist CH2 with the construction of an Integrated Waste Treatment Unit to process liquid waste at the Idaho Nuclear Technology Center facility located at the INL site. Premier is fabricating spool assemblies, jumper bypass assemblies, and a spacer assembly for this project. Premier is performing the work at Premier's plant in Blackfoot, Idaho. Premier is not a party to the SSA.

Local 648 filed a grievance under the terms of the SSA claiming that CH2's subcontract with Premier violated the SSA. CH2's position is that the off-site work performed by Premier is not covered by the Davis Bacon Act, and therefore does not fall within the scope of work

**MEMORANDUM DECISION AND ORDER - Page 2**

covered by the SSA. Accordingly, CH2 declined to participate in the grievance process under the SSA, which required mandatory arbitration. Because Local 648 believes the work is covered by the SSA, United and Local 648 filed a complaint on July 6, 2007, seeking a declaratory ruling that CH2 breached the SSA by refusing to participate in the grievance procedure requiring mandatory arbitration of the dispute. Docket No. 1. In conjunction with its complaint, Local 648 and United filed a Motion to Compel Arbitration requesting an order from the Court compelling CH2 to participate in arbitration. Docket No. 2. Local 648 and United argue that the broad arbitration provision in the SSA requiring arbitration of "any" dispute requires CH2 to arbitrate.

In response, CH2 filed a motion to dismiss the complaint and the motion to compel arbitration on July 30, 2007. Docket No. 4. In its motion, CH2 argues that the SSA only covers work covered by the Davis Bacon Act defined as "site work," and that Premier's work does not fall under the SSA because it is not "site work" within the meaning of the Davis Bacon Act. Mot. at 3, Docket No. 4-2. CH2 previously sought a ruling from the Department of Energy concerning similar work Premier performed off-site, and it contends that the current work performed by Premier falls under the Department's previous ruling that off-site work is not within the scope of the SSA. Therefore, CH2 argues that if the SSA does not apply, neither does its arbitration provision.

Local 658 concurs with one aspect of CH2's argument. Local 658 states that it is "in agreement that the subcontracted fabrication work involved in this case is not covered by the Davis-Bacon Act," but argues that the fact that the Davis-Bacon Act would not apply does not necessarily lead to the conclusion that the SSA would not apply. Mem. at 3, Docket No. 15.

**MEMORANDUM DECISION AND ORDER - Page 3**

Instead, Local 658 argues that the SSA incorporates by reference the "fabrication provisions of the appropriate National craft agreements," and that it is the National craft agreement that has been violated. The National craft agreement prescribes that activities falling within the definition of "pipe fabrication" must be performed by union employees at union wages. Mem. at 6, Docket No. 2-2. Therefore, Local 648 contends that the arbitration provisions of the SSA apply to compel arbitration of the dispute over CH2's failure to follow the fabrication provisions of the National craft agreement. Plaintiffs filed a motion for summary judgment on October 2, 2007, again contending that the National craft agreement applied to the subcontracted work and therefore the arbitration provisions of the SSA compelled arbitration of the dispute between Local 648 and CH2 over the subcontracting of work to Premier.

In its Rule 56(f) motion, CH2 contends that it seeks information through discovery concerning Plaintiffs' factual claims of jurisdiction under the SSA and their prior acknowledgment of the limits of union jurisdiction and representational rights under the SSA. Mot. at 4, Docket No. 23. CH2 wants to depose two of Local 648's representatives, Mssrs. Fuger and Bodell, for information that would prove the absence of any agreement applying to this dispute and to verify that the work performed by Premier cannot be claimed by the Union to fall within its scope of work. Aff. at 2, Docket No. 23-1. In opposition, Local 648 and United argue that the only facts necessary are the terms of the SSA and the National craft agreement incorporated by reference concerning subcontracted pipe fabrication work, and it would be unnecessary to conduct further discovery to decide the dispute. Mem. at 3, Docket No. 24.

## II.
## Discussion

Rule 56(f) allows a party opposing a motion for summary judgment who, for legitimate reasons, cannot by affidavit or other means present facts essential to justify opposition to an opposing party's motion under Rule 56(e). The rule requires "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Sultana Resources, LLC v. Trio Gold Co.*, No. CV-06-625-BLW, 2007 WL 2993849, at *1 (D. Idaho Oct. 11, 2007) (quoting *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004)). The party submitting the motion bears the burden of showing sufficient facts establishing that the evidence sought exists and that the evidence would prevent summary judgment. *Sultana*, 2007 WL 2993849 at *1. "Mere hope that further evidence will develop prior to trial is insufficient." *Id*. It is generally accepted in the Ninth Circuit, however, that where a summary judgment motion is filed early in the litigation and a party has not had a realistic opportunity to pursue discovery relating to its theory of the case, the court should freely grant a Rule 56(f) motion. *Mangum v. Action Collection Serv., Inc.*, No. CV-05-507-BLW, 2006 WL 2224067, at *1 (D. Idaho Aug. 2, 2006).

CH2's Rule 56(f) motion must, however, be considered in the context of this dispute. In reaching a decision involving a labor dispute, judicial inquiry is limited to the arbitrability of disputes and the court may not consider the merits of the underlying dispute. *Rockwell Intern. Corp. v. Hanford Atomic Metal Trades Council*, 851 F.2d 1208, 1211 (9th Cir. 1988) (holding the judicial inquiry is "confined to the question whether the reluctant party did agree to arbitrate the grievance"). A matter is more likely subject to arbitration when the dispute involves an

**MEMORANDUM DECISION AND ORDER - Page 5**

interpretation or application of the agreement.  *Aluminum Co. of America v. Internat'l Union*, 630 F.2d 1340, 1343 (9th Cir. 1980).  The Court's task, therefore, is limited to examining the collective bargaining agreement to determine whether the parties intended to arbitrate the particular dispute.  *Salary Policy Employee Panel v. Tennessee Valley Authority*, 731 F.2d 325, 332 (6th Cir. 1984).  If there is no ambiguity in the agreement the Court must adhere to the intent of the parties, while conversely if there is an ambiguity it must be resolved in favor of arbitration.  *Salary Policy Employee Panel*, 731 F.2d at 332 (citing *United Steel Workers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582-83 (1960)).  Thus, if the party seeking discovery cannot demonstrate that the discovery will address the issue to be decided, in this case the enforceability of the arbitration clause, it is appropriate to deny the Rule 56(f) motion.  *See U.S. v. 5,644,540.00 in U.S. Currency*, 799 F.2d 1357, 1363 (9th Cir. 1986) ("A Rule 56(f) request must demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'");  *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005) (upholding the denial of a Rule 56(f) motion when the employee made no showing how the discovery would have any impact on the enforceability of the arbitration clause).

The Court finds that the requested discovery would not assist in deciding the issue before the Court.  CH2 believes that the testimony of Messrs Fuger and Bodell, both union representatives, will "prove the absence of any agreement applying to this dispute" such that the arbitration clause is not enforceable.  However, there is no dispute that the SSA governs the relationship between the parties and CH2 is a signatory to the contract.  The Court will be asked to determine, under standard contract interpretation principles, whether or not the arbitration

clause is ambiguous or not, and if it applies to the instant dispute. It need only look to the language of the SSA itself to make that determination.

CH2 also wants information concerning Plaintiffs' prior acknowledgment of the limitation of Plaintiffs' representational rights and jurisdiction, as well as of the union's failed organizing efforts as they relate to Premier, neither of which is relevant to the language of the SSA and the enforceability of the arbitration clause. The last piece of evidence CH2 believes will assist it in defeating Plaintiffs' motion for summary judgment is evidence that CH2 did not agree to be bound to the National agreement or its subcontracting and arbitration clauses. That information would be relevant concerning the intent of the parties to the SSA,[2] but it would most likely be obtained from CH2's own representatives concerning their interpretation of the SSA and its provisions incorporating the National craft agreement.

---

[2] For example, in *Dennis L. Christensen General Bldg. Contractor, Inc. v. General Building Contractor, Inc.*, 952 F.2d 1073 (9th Cir. 1991), the plaintiff employer argued that the short form bargaining agreement he signed which limited the territorial application of the agreement did not incorporate later amendments of the master labor agreement expanding that territory. If it did, the plaintiff argued that he had no intent when he signed the short form to extend the territorial application of the agreement to other locations where the plaintiff was working. Ultimately, however, the plaintiff's argument was unavailing, because the Ninth Circuit held that disagreements concerning the interpretation of the modification provision of the master labor agreement were to be arbitrated just like any other dispute. *Dennis L. Christensen General Bldg. Contractor, Inc.*, 952 F.2d at 1077.

**MEMORANDUM DECISION AND ORDER - Page 7**

**ORDER**

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that:**

1) Defendant's Rule 56(f) Motion (Docket No. 23) is DENIED. The Court will continue the proceedings and allow Defendant twenty-one days from the date of this Order to serve and file a response brief and any affidavits upon which it intends to rely.



DATED: February 5, 2008

Honorable Mikel H. Williams
Chief United States Magistrate Judge